UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRIEDWARDT WINTERBERG,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE UNIVERSITY OF NEVADA RENO, REGENTS: JASON GEEDES, MARK W. DOUBRAVA, PATRICK R. CARTER, AMY J. CARVALHO, CAROL DEL CARLO, TREVOR HAYES, SAM LIEBERMAN, CATHY McADOO, DONALD SYLVANTE McMICHAEL, SR., JOHN T. MORAN, KEVIN J. PAGE, LAURA E. PERKINS, RICK TRACHOK, *et al.*,<br><br>　　　　Defendants. | Case No. 3:19-cv-00747-MMD-CLB<br><br><br><br>*And related case* |
| FRIEDWARDT WINTERBERG,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE UNIVERSITY OF NEVADA RENO BOARD OF REGENTS: JASON GEEDES, MARK W. DOUBRAVA, PATRICK CARTER, AMY J. CARVALHO, CAROL DEL CARLO, TREVOR HAYES, SAM LIEBERMAN, CATHY McADOO, DONAL SYLVANTE MICHAEL Sr., JOHN T. MORAN, KEVIN J. PAGE, LAURA E. PERKINS, RICK TRACHOK, *et al.*,<br><br>　　　　Defendants. | Case No. 3:20-cv-00002-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

　　This consolidated case concerns the termination of Plaintiff Friedwardt Winterberg's employment at the University of Nevada, Reno ("UNR"). Before the Court are Defendants' various motions to dismiss the complaints ("MTDs") that Plaintiff has filed in Case Nos. 3:19-cv-00747-MMD-CLB ("First Case") and 3:20-cv-00002-MMD-CLB

("Second Case") (*see* Case No. 3:19-cv-00747-MMD-CLB (ECF Nos. 8, 16, 32), Case No. 3:20-cv-00002-MMD-CLB (ECF Nos. 9, 22))[1] and motions to strike related surplus briefing (Case No. 3:19-cv-00747-MMD-CLB (ECF Nos. 36, 38), 3:20-cv-00002-MMD-CLB (ECF Nos. 21, 33)). In the alternative, Defendants request that Plaintiff provide a more definite statement of his allegations against the various Defendants named in the complaints. (*E.g.*, Case No. 3:20-cv-00002-MMD-CLB (ECF No. 14).)[2] Plaintiff has also filed a motion for judicial notice and declaration in the First Case. (Case No. 3:19-cv-00747-MMD-CLB (ECF No. 20).) For the reasons below, the Court will grant the MTDs. The Court will additionally deny Plaintiff's motion for judicial notice and Defendants' request for a more definite statement as moot and grant the motions to strike.[3]

---

[1] The complaint in the First Case lists the following Defendants: UNR Regents—Patrick R. Carter, Carol Del Carlo, Mark W. Doubrava, Jason Geddes, Trevor Hayes, Sam Lieberman, Cathy McAdoo, Donald Sylvante McMichael, Sr., John T. Moran, Kevin J. Page, Laura E. Perkins and Rick Trachok ("Regents"); and UNR Administrators—Marc Johnson (UNR President); Kevin Carman (UNR Executive Vice President and Provost), Jeff Thompson (Dean of the College of Science); and Dr. Paul Neill (British Physics Department Chairman). (Case No. 3:19-cv-00747-MMD-CLB (ECF No. 1).) The complaint in the Second Case lists the following Defendants: all the Regents listed in Case No. 3:19-cv-00747-MMD-CLB with the addition of Regent Amy J. Carvalho. (Case No. 3:20-cv-00002-MMD-CLB (ECF No. 1).)

The various Defendants in the First Case filed three MTDs (ECF Nos. 8, 16, 32). The Court has considered the relevant responses (ECF Nos. 13, 28) and replies (ECF Nos. 27, 30). No response and therefore no reply were filed for the last MTD. Defendants in the Second Case file two MTDs (ECF Nos. 9, 22). The Court has also considered the relevant responses for these motions (ECF Nos. 17, 29) and replies (ECF Nos. 19, 31).

[2] In the First Case, Defendants' request for a more definite statement was not sought separate from the MTDs as required by Local Rule IC 2-2. *See* LR IC 2-2 ("Document Events. The electronic filing system categorizes documents by the type of "event." The filer must select a type of "event" for each filed document based on the relief requested or the purpose of a document. For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document."). In any event, the requests are moot in light of the Court's ruling *infra*.

[3] The Court will grant the motions to strike ECF Nos. 31 and 37 in Case No. 3:19-cv-00747-MMD-CLB as well as ECF Nos. 20 and 32 in Case No. 3:20-cv-00002-MMD-CLB because the Court finds that these filings circumvent Local Rule 7-2(g), which requires leave of the Court prior to filing any supplemental briefing. Even though Plaintiff brings his lawsuits *pro se*, he is "not excused from following court rules," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir.1997), and he must follow the same rules of procedure that govern other litigants, *United States v. Merrill,* 746 F.2d 458, 465 (9th

2

**II.    BACKGROUND**

The facts are taken from Plaintiff's respective complaints in both Case No. 3:19-cv-00747-MMD-CLB and Case No. 3:20-cv-00002-MMD-CLB (ECF No. 1 (in each case)) and attached exhibits, unless otherwise indicated.[4]

Plaintiff was employed as a professor in the Physics Department at UNR and has been a tenured professor there since the mid-1960s. Both cases arise out of Plaintiff's termination for cause in February 2018 after an administrative hearing. (Case No. 3:19-cv-00747-MMD-CLB (ECF No. 1-3); Case No. 3:20-cv-00002-MMD-CLB (ECF No. 1 at 1–2, 10).) At that hearing, a special hearing committee unanimously recommended Plaintiff's termination. (*Id.*)

The charges that underlie Plaintiff's termination were for insubordination and personal and professional conduct which shows that the faculty member is unfit to remain in the faculty member's employment position or which has an ascertainable harmful or adverse effect on the efficiency of the faculty member's administrative unit. (*Id.*) Plaintiff also alleges that he was charged—or at least that there was the appearance that he was charged—for criminal conduct, identifying a charge of stealing unspecified university property and a vague allegation of sexual misconduct. (Case No. 3:19-cv-00747-MMD-CLB (ECF No. 1 at 2); 3:20-cv-00002-MMD-CLB (ECF No. 1 at 1–2).)

In terms of claims, between the two cases, Plaintiff appears to assert that Defendants violated Title VII of the Civil Rights Act of 1964—as amended, the Age Discrimination in Employment Act ("ADEA"), and Nevada State law by hiring another British citizen, Dr. Thomas White ("White"), with the same expertise as Plaintiff's in the same academic year that Plaintiff was terminated. (3:19-cv-00747-MMD-CLB (ECF No. 1 at 2); *see also* 3:20-cv-00002-MMD-CLB ECF No. 1 at 2).) In the Second Case, Plaintiff

///

---

Cir.1984), *cert. denied,* 469 U.S. 1165 (1985), overruling on other grounds recognized by *United States v. Hanna*, 293 F.3d 1080 (9th Cir. 2002).

[4]Much of Plaintiff's complaints are rambling. The facts presented are those the Court has discern are the crux of Plaintiff's cases.

3

1  more specifically alleges that Marc Johnson, Kevin Carman, Jeff Thompson, and Dr. Paul
2  Neill conspired to replace Plaintiff with White.[5] (3:20-cv-00002-MMD-CLB (ECF No. 1 at
3  2).) Plaintiff asserts that White is estimated to be 50–60 years younger than Plaintiff with
4  the same specialization as Plaintiff in Inertial Fusion Energy and Astrophysics. (*Id.*) In the
5  Second Case, Plaintiff also references a related charge of discrimination he filed with the
6  Nevada Equal Rights Commission ("NERC") and a settlement proposal by the Equal
7  Employment Opportunity Commission ("EEOC"), which Plaintiff avers are attached to his
8  complaint as exhibits 3 and 8. (*Id.*)

9  The letter from NERC (exbibit 3) shows case numbers for both NERC (No. 0108-
10 19-0003R) and the EEOC (No. 34B-2018-01471). (*Id.*) The letter noted that Plaintiff's case
11 was placed into investigation and assigned. (*Id.* at 9–10.) Substantively, the letter
12 requested that Plaintiff submit additional information by December 3, 2019, because
13 Respondents had in detail denied all allegations on the basis of age, national origin and/or
14 retaliation and had provided that Plaintiff was terminated due to policy violations and for
15 failing to return confidential employee information. (*Id.*) The letter also revealed that
16 Plaintiff had submitted a prior NERC Charge in February 2017 (No. 0425-17-0187L)—
17 almost a year before his termination. (*Id.* at 10.)

18 Exhibit 8 is a single page of Plaintiff's NERC and EEOC charge bearing Plaintiff's
19 signature. (*Id.* at 17.) The page reflects Plaintiff's allegation, which he raises in the instant
20 matter—that there has been a violation of "Title VII of the Civil Rights Act of 1964, as
21 amended, the [ADEA], and Nevada State law." (*Id.*)

22 In the Second Case, Plaintiff also more specifically asserts a breach of his "tenure
23 contract" but does not aver what contractual provision was violated. (*Id.* at 1–2.) He
24 ultimately seeks reinstatement, backpay, attorneys' fees, court costs, punitive damages,
25 as well as the removal of all unproven negative allegations in his personnel file. (3:19-cv-
26 00747-MMD-CLB (ECF No. 1 at 3); 3:20-cv-00002-MMD-CLB (ECF No. 1 at 3).)
27 ///

28  [5]These individuals are the UNR Administrators in the First Case and are not listed as Defendants in the complaint for the Second Case.

4

## III. LEGAL STANDARD[6]

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material

///

---

[6] The Court provides only the standard under Rule 12(b)(6) and not also for Rule 12(e) for a more definite statement or Rule 4(a) for insufficient process, although Defendants also argue issues related to these latter rules. (*See, e.g.*, 3:19-cv-00747-MMD-CLB (ECF No. 16 at 8–11).)

elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

While a court generally cannot consider matters beyond the pleadings on a motion to dismiss, the court may consider documents "'properly submitted as part of the complaint'" and "may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001) (quotations omitted).

**IV.  DISCUSSION**

The Court separately considers Plaintiff's Title VII and ADEA claims. Defendants, *inter alia*, argue that Plaintiff has failed to exhaust or prematurely brings these claims.[7] (*See generally* Case No. 3:19-cv-00747-MMD-CLB (ECF Nos. 8, 16, 32), Case No. 3:20-cv-00002-MMD-CLB (ECF Nos. 9, 22).) The Court agrees that these claims are premature. That being the case, there is no apparent subject matter jurisdiction over Plaintiff's state law claims insomuch as Plaintiff asserts conspiracy and breach of contract.[8] The Court will therefore not further discuss these latter claims.

    **A.  Plaintiff's Title VII Claims**

There is no indication that Plaintiff has properly exhausted his Title VII claims. In both cases, Defendants have asked the Court to take judicial notice of NERC Charge No. 0108-19-0003R and EEOC Charge No. 34B-2018-01471 ("NERC/EEOC Charge"). (*E.g.*, 3:20-cv-00002-MMD-CLB (ECF No. 11); 3:19-cv-00747-MMD-CLB (ECF Nos. 10, 18).) Defendants provide a complete copy of the NERC/EEOC Charge. (*E.g.*, 3:20-cv-00002-

///

---

[7] Notably, Defendants also seek dismissal under Local Rule 7-2(d) because Plaintiff's response—all of them—fails to contest Defendants' failure to exhaust argument. (*E.g.*, Case No. 3:19-cv-00747-MMD-CLB (ECF No. 13 at 4–5).)

[8] All the parties appear to be domiciled in Nevada and thus there is no basis for diversity jurisdiction. Additionally, in some motions, Defendants have argued that Plaintiff's claims should have been filed against the State of Nevada "on relation of" and that Plaintiff filed to issue separate summons for each Defendant as required under Fed. R. Civ. P. 4. (*See, e.g.*, ECF No. 16 at 10–11, ECF No. 32 at 10–12.) Regardless, the Court declines to exercise supplemental jurisdiction over the state law claims because the Court dismisses the claims that give rise to federal question jurisdiction.

MMD-CLB (ECF No. 9-2); 3:19-cv-00747-MMD-CLB (ECF Nos. 8-2, 16-2).) While the NERC/EEOC Charge may be deemed as incorporated by reference in Plaintiff's complaint—at least in the Second Case—the Court takes judicial notice of the NERC/EEOC Charge as verifiable matters in the public record. Based on the existence of the NERC/EEOC Charge, the Court finds that Plaintiff has failed to exhaust his Title VII claims.

Exhaustion of administrative remedies is a prerequisite to adjudication of claims for discrimination under Title VII. *See Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002) ("[A] plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim"). The purpose of the exhaustion requirement is to give defendant notice of a plaintiff's claim, and to narrow the issues for prompt adjudication. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002).

Exhaustion requires that a plaintiff file a timely charge with the EEOC, or an appropriate state agency, thereby allowing the agency time to investigate the charge. *Id.* (citations omitted)). Allegations not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *Id.* at 1100 (internal quotations and citation omitted). If the EEOC decides not to sue, and if there is no settlement that is satisfactory to a plaintiff, the EEOC will "notify the person aggrieved" that he may file a civil action and plaintiff will have exhausted his remedies with the EEOC. 42 U.S.C. §2000e-5(f)(1). That notice is in the form of a "right-to-sue letter." *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). "Once a person receives an EEOC right-to-sue letter, [he] has 90 days to file suit." *Id.* (citing 42 U.S.C. § 2000e–5(f)(1)). However, failure of a plaintiff to obtain a right-to-sue letter from the EEOC does not preclude a finding of exhaustion where the plaintiff has otherwise "received a right-to-sue letter from the appropriate state agency." *Id.* at 1104–1105; *see also Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1244 (9th Cir. 2010) (providing the same in the context of the

Americans with Disabilities Act (ADA); *Gomez v. Clark Cty. Sch. Dist.*, No. 2:19-cv-00545-GMN-VCF, 2019 WL 2411421, at *2 (Report and Recommendation, D. Nev. June 7, 2019) (citation omitted) (providing that a court cannot hear claims before plaintiff has received a notice of right-to-sue covering the relevant allegations).

Plaintiff does not allege that he has received a right-to-sue letter from either the EEOC or the state agency—NERC. Accordingly, the Court finds that Plaintiff has not shown that he has met the exhaustion prerequisite for asserting his Title VII claims in this Court. The Court will therefore dismiss Plaintiff's Title VII claims without prejudice for his failure to exhaust.

### B. Plaintiff's Claims under the ADEA

Unlike Title VII, the ADEA does not expressly require exhaustion per se before filing suit, "except that an employee who wishes to file suit without pursuing administrative remedies must give the EEOC notice of intent to sue at least 30 days before filing suit." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003) (citing 29 U.S.C. § 633a(d)); *cf. Whitman v. Mineta*, 541 F.3d 929, 932 (9th Cir. 2008) (the Ninth Circuit affirming the dismissal of ADEA claims where the plaintiff failed to both pursue an administrative remedy and provide timely notice of intent to sue to the EEOC).

At least one case in this district has further explained the prerequisite requirement in ADEA cases. *See Martinez v. Victoria Partners*, No. 2:12-CV-502-JAD-VCF, 2014 WL 1268705, at *3 (D. Nev. Mar. 27, 2014). In *Martinez*, the Court noted that the conditional requirement is met where the plaintiff either: notifies the EEOC "and then pursu[es] a claim in federal court any time between 30 and 180 days after the notice;" or provide the EEOC with the notice of intent to sue, and then "wait[] for the conclusion of the administrative inquiry, and then filing suit." *Id.* (citing 29 U.S.C. § 633a(d)[9] & *Girard v. Rubin,* 62 F.3d

///

---

[9]The actual language of § 633a(d) provides:

[N]o civil action may be commenced by any individual under this section until the individual has given the Commission not less than thirty days' notice of

8

1244 (9th Cir. 1995)). In the cited case, *Girard*, the Supreme Court specifically stated: "An employee seeking remedies under the ADEA may either pursue a direct action in federal court after notifying the EEOC, or may pursue administrative remedies by filing a complaint with the EEOC and *then* seek review in district court if he is not satisfied with the result." *Girard*, 62 F.3d at 1247–48 (citations omitted) (emphasis in original).

Here, there is no indication that Plaintiff expressly filed a notice of intent to sue in court with the EEOC. It appears that Plaintiff has instead opted to file a complaint with the EEOC, which was filed in January 2019. (*E.g.*, Case No. 3:20-cv-00002-MMD-CLB (ECF No. 9-2).) The complaint in the First Case was filed on December 17, 2019, and the complaint in the Second Case was filed on January 2, 2020. Therefore, under *Girard* Plaintiff would be required to await a result from the EEOC on his ADEA claims and then seek review of the EEOC's decision in this Court. *Id.* However, as indicated, there is no assertion that Plaintiff has received a final decision from the EEOC which may be reviewed. Accordingly, the Court additionally concludes that Plaintiff's ADEA claims are premature and should be dismissed without prejudice.

For these reasons, the Court will grant the respective motions to dismiss in Case Nos. 3:19-cv-00747-MMD-CLB and 3:20-cv-00002-MMD-CLB.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the motions to dismiss in Case No. 3:19-cv-00747-MMD-CLB (ECF Nos. 8, 16, 32) and Case No. 3:20-cv-00002-MMD-CLB (ECF Nos. 9, 22) are

///

---

an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred.

29 U.S.C. § 633a(d).

granted for the reasons stated herein. The consolidated cases are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over the remaining state law claims.

It is further ordered that the motions to strike in Case No. 3:19-cv-00747-MMD-CLB (ECF Nos. 36, 38) and Case No. 3:20-cv-00002-MMD-CLB (ECF Nos. 21, 33) are granted. ECF Nos. 31 and 37 in Case No. 3:19-cv-00747-MMD-CLB and ECF Nos. 20 and 32 in Case No. 3:20-cv-00002-MMD-CLB are stricken.

It is further ordered that the motion for a more definite statement filed in Case No. 3:20-cv-00002-MMD-CLB (ECF No. 14) is denied as moot.

It is further ordered that Plaintiff's motion for judicial notice in Case No. 3:19-cv-00747-MMD-CLB (ECF No. 20) is also denied as moot.

The Clerk is directed to enter judgment in accordance with this order and close both cases.

DATED THIS 20th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE